J-A07039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND MARTIN BANDJOUGH | : | |
| | : | No. 758 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence April 6, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003665-2015

BEFORE:   PANELLA, J., OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 04, 2018**

Appellant Raymond Martin Bandjough appeals the judgment of sentence entered by the Court of Common Pleas of York County after the trial court convicted Appellant of simple assault and terroristic threats.  Appellant challenges the sufficiency of the evidence supporting his convictions.  After careful review, we affirm.

Appellant's charges were connected to an incident that occurred on May 25, 2015 at his residence in York.  Appellant rented the home that he shared with his son, Rudolph Bandjough ("Rudolph"), and Amanda Elizabeth Moore ("the victim"), who was Rudolph's fiancée at that time.  The couple had lived with Appellant for about two years.

At Appellant's bench trial held on February 17, 2017, the victim testified that on the day in question, she was preparing for a Memorial Day picnic when

_____
* Former Justice specially assigned to the Superior Court.

she noticed several of her pots and pans were missing. The victim claimed that Appellant admitted giving the cookware to his daughter and refused to return it to her. The victim went outside to ask Rudolph for help with the conflict; Rudolph entered the home to confront his father. Shortly thereafter, the victim heard shouting coming from the home and saw Rudolph exit the home and slam the door. The victim then reentered the home and began to argue again with Appellant, indicating that she would be moving out due to Appellant's actions. The victim claimed that Appellant subsequently pointed a gun at her head, threatened to shoot her, and chased her from the home.

The Commonwealth subpoenaed the testimony of Appellant's son, Rudolph Bandjough, who was incarcerated at the time of trial; Rudolph claimed that he had received no promises or benefits for his testimony. Rudolph testified that he observed the victim, who was also his former fiancée, run from the house and was followed by Appellant, who had a pistol in his hand. Rudolph was familiar with his father's pistol and indicated that Appellant always carried it on his person. Rudolph attempted to defuse the situation and subsequently called the police. Both the victim and Rudolph testified that Appellant left his residence and drove away in his truck.

Corporal Ogden Dickerson testified that he recovered Appellant's firearm from Appellant's gun case in his bedroom, secured the pistol, and determined that it was fully loaded with five rounds. Officer Jason Coyle responded to the police dispatch, sought to locate Appellant, and subsequently arrested Appellant at a local strip mall. Officer Coyle indicated that Appellant requested

assistance to exit his truck to get into the patrol car. When questioned by the trial court, Officer Coyle indicated that it did not appear that Appellant was capable of running at the time he was taken into custody. However, Officer Coyle admitted that he was not in a position to determine whether the victim was choosing not to stand or was unable to stand due to physical incapacity.

Appellant testified in his own defense, recalling that on the day in question, the victim became angry when she found her cookware missing, but Appellant indicated that he had given them to his daughter by mistake and agreed to retrieve them. Appellant claimed that the victim continued to yell at him and threatened to take some of his property in retaliation. When the argument continued, the victim yelled that Appellant had a gun. After Rudolph looked into the home, Appellant alleged that he put his arms up to show Rudolph that he did not have a gun. Appellant claimed that his guns were in his safe the entire time.

Thereafter, Appellant went back into his bedroom, put on his shoes, retrieved his keys, and left in his truck to leave a "bad situation." N.T. Trial, 2/17/17, at 68. Appellant admitted that he got into the truck without the assistance of a wheelchair, which he did not need to use in the home but always kept in his truck. Appellant indicated that he was able to move through the home by using handrails and leaning on the wall. Appellant never testified specifically as to the cause or extent of his mobility issues, but indicated that his current physical condition at the time of trial was worse than his physical

condition on the day of the incident as he had been diagnosed with throat cancer months later.

At the conclusion of the trial, the lower court convicted Appellant of both simple assault and terroristic threats. In particular, the trial court found that Rudolph Bandjough testified credibly when he asserted that his father, Appellant, threatened his former fiancée with his firearm to intimidate her after their heated altercation. While Appellant was able to quickly depart the premises in his truck before the police arrived, the trial court acknowledged that the arresting officer testified that Appellant appeared to have physical limitations. However, the trial court indicated that common sense dictated it was not inconsistent to find that Appellant was able to move quickly over a short distance despite any infirmities he may have due to adrenaline produced by the heated argument.

Appellant filed this timely appeal and complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Appellant challenges the sufficiency of the evidence supporting his convictions for simple assault and terroristic threats. Our standard of review for reviewing sufficiency claims is as follows:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to

the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745, 751 (2000) (internal citations omitted).

Furthermore, the trier of fact, in this case the trial court, is free to believe, all, part, or none of the evidence presented when making credibility determinations. *Commonwealth v. Beasley*, 138 A.3d 39, 45 (Pa.Super. 2016). In deciding a sufficiency of the evidence claim, this court may not reweigh the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. Williams*, 153 A.3d 372, 375 (Pa.Super. 2016).

*Commonwealth v. McClellan*, 178 A.3d 874, 878 (Pa.Super. 2018).

Appellant does not challenge any element of either charged crime but suggests that the Commonwealth offered contradictory evidence as the victim claimed that Appellant chased her with a gun while the arresting officer indicated that Appellant appeared to have physical limitations that would not allow him to run. Further, Appellant argues that it was error for the trial court to dismiss Appellant's claim that he was unable to walk without the assistance of a cane or wheelchair when the trial court remarked that Appellant's adrenaline from the parties' confrontation may have allowed him to move more quickly than he otherwise could have.

While we acknowledge that there may be differences in the accounts of the prosecution witnesses with respect to Appellant's physical capabilities, we defer to the credibility determinations of the trial court. *See McClellan*,

*supra* (emphasizing that "the trier of fact, in this case the trial court, is free to believe, all, part, or none of the evidence presented when making credibility determinations"). The trial court recognized that the arresting officer had testified that it appeared Appellant had physical limitations with his mobility as he had asked for assistance in getting out of his truck and into the patrol car upon his arrest. However, it was not inconsistent for the trial court to also find Appellant had initially pointed a firearm at the victim and chased her from the residence; Appellant himself admitted that after the confrontation with the victim, he was able to go into his bedroom to put his shoes, exit the home, get into his truck, and drive away without the assistance of a cane or wheelchair. N.T. Trial, 2/17/17, at 67-68, 75. Thus, it was reasonable for the trial court to infer that Appellant was capable of pulling a gun on the victim and following her through the home. As a result, Appellant's challenge to the sufficiency of the evidence supporting his convictions is meritless.

To the extent that Appellant challenges the propriety of the trial court's remark that Appellant may have been able to move quickly due to the effects of adrenaline from the heated argument, we find this argument to be waived by Appellant's failure to raise this issue in the trial court or in his court-ordered Rule 1925(b) statement.[1] **See** Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal");

---

[1] The trial court's May 10, 2017 order indicated that Appellant was required to file a concise statement of errors complained of on appeal within twenty-one days of its order and stated that "[a]ny issue not properly included in the Statement shall be waived." Order, 5/10/17, at 1.

- 6 -

*Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting *Commonwealth v. Lord*, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998) ("[a]s a general rule, any issues not raised in a [Rule] 1925(b) statement will be deemed waived")).

To the extent that Appellant is arguing that the trial court erred in finding more credible the testimony of the victim and Rudolph Bandjough over that of Appellant, his challenge constitutes a challenge to the weight of the evidence that Appellant failed to properly preserve in the lower court. Pennsylvania Rule of Criminal Procedure 607(a) requires that a challenge to the weight of the evidence must be raised prior to appeal or it will be waived. Pa.R.Crim.P. 607. As Appellant failed to raise a weight of the evidence claim before or after sentencing, we find this claim to be waived.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/2018